# EXHIBIT 3

To R. McEvoy declaration

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PHILOMENA CINDY RINALDI,

                      Plaintiff,

                                      FIRST AMENDED COMPLAINT
   -against-                            AND JURY DEMAND

QUALITY KING DISTRIBUTORS, INCORPORATED,    Docket No. CV 12-0141 (DRH) (ARL)

                    Defendant.    Trial By Jury is Hereby Demanded
----------------------------------------------------------------X

        Plaintiff, PHILOMENA CINDY RINALDI, as and for her First Amended Complaint against Defendant, QUALITY KING DISTRIBUTORS, INCORPORATED ("Quality King"), alleges as follows:

### JURISDICTION AND VENUE

    1.    This action arises under the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, et seq. ("FMLA"), and more specifically, under 29 U.S.C. 2615 of the FMLA, and under the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. ("ADEA"), and pursuant to New York State law under the doctrine of Supplemental Jurisdiction, 28 U.S.C. section 1367.

    2.    Jurisdiction of this action is conferred on this Court by 29 USC 2617 of the FMLA, and 42 U.S.C. sections 12101, et seq., and 28 U.S.C. 1331 and 1343(4).

    3.    The employment practices alleged herein to be unlawful were committed in the Eastern District of New York, and venue in this Court is proper in accordance with 28 USC 1391 (b).

### NATURE OF ACTION

    4.    This is a civil action seeking monetary and injunctive relief, punitive damages, as well as attorneys' fees and costs pursuant to 29 USC 2617, based upon the Defendant's

1

EXHIBIT
Dft's 17
4/10/13 Rptr MM
CRI (212) 986-1344

violation of the FMLA by interfering with or restraining the Plaintiff's exercise of her right to take a leave of absence for a legitimate medical reason, when the Defendant terminated the Plaintiff's employment by reason of the Plaintiff's having taken a leave of absence due to a serious medical condition.

5. Additionally, and alternatively, this is a civil action seeking monetary and injunctive relief, punitive damages, as well as attorneys' fees and costs pursuant to the ADA based upon the Defendant's violation of the ADA by terminating the Plaintiff's employment on the basis of her disability.

6. The Plaintiff seasonably filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). After months of investigation, the EEOC issued a Notice of Right to Sue, which the Plaintiff received on or about June 7, 2012. Therefore, this action is filed within the ninety-day period following the receipt of the Notice of Right to Sue.

## PARTIES

7. The Plaintiff, PHILOMENA CINDY RINALDI, resides at 67 Forge Lane, Coram, County of Suffolk, New York, and is an "eligible employee" as that term is defined by the FMLA.

8. Upon information and belief, the Defendant, QUALITY KING, is a corporation created and existing under the laws of the State of New York, with its principal office for the conducting of business located at 35 Sawgrass Drive, Suite 1, Bellport, New York.

9. The Defendant is in the business of selling health and beauty products, including over the counter medications, to retailers throughout the United States, including to retail chains such as CVS, Target, and Walgreen's.

10.     The Defendant constitutes an "employer" as defined by the FMLA and by the ADA.

## FACTS GIVING RISE TO THE CAUSE OF ACTION

11.     The Plaintiff commenced employment with the Defendant on or about November 6, 2000 as a Payroll Manager.

12.     As a Payroll Manager, the Plaintiff's job entailed inputting data into a computer with respect to the Defendant's over-the-road truck drivers, and providing the information to an outside payroll service, ADP, so that ADP could prepare and issue the payroll.

13.     In or about February 2010, the Defendant hired Linda Semrath as an Assistant Payroll Manager, under the Plaintiff. Among Ms. Semrath's duties as an Assistant Payroll Manager was to fill in for the Plaintiff when the Plaintiff was not at work, such as during vacations and sick days.

14.     On or about March 17, 2011, the Plaintiff was hospitalized as a result of a serious medical condition, a severe medical depression.

15.     Between the time of commencing employment and the time of her March 17, 2011 hospitalization, the Plaintiff always fully and satisfactorily performed her work while employed with the Defendant.

16.     On or about March 17, 2011, the Plaintiff applied for an FMLA leave of absence, which was granted by the Defendant for the period March 17, 2011 through April 25, 2011, in order to care for her serious medical condition (severe clinical depression).

17.     During May, June and July 2011, the Plaintiff took approved FMLA leaves of absence on an intermittent basis in order to care for her serious medical condition (severe

3

clinical depression). The need for the taking of the intermittent FMLA leaves of absence was substantiated to the Defendant by the Plaintiff's doctor.

18. In or about the beginning of August 2011, the Defendant's Human Resources Director, Olga Lancaster, advised the Plaintiff that the Defendant was placing the Plaintiff on a 90 day probationary period as a result of the days that the Plaintiff was absent from work due to the taking of FMLA days of leaves of absence. Ms. Lancaster told the Plaintiff that if she wanted to take any more days off from work, the Plaintiff would be required to take the days off in a week block, or all at once.

19. From the time in August 2011 that the Plaintiff was placed on probation by Ms. Lancaster, she did not take a single day off from work until October 27 and 28, 2011. The Plaintiff was required to take October 27 and 28, 2011 off from work as a result of a serious medical condition, consisting of severe and sharp pain in her right side, that required her to seek medical care and obtain laboratory testing. Upon her return to work after October 28, 2011, on Monday, October 31, 2011, although the Plaintiff provided the Defendant with medical documentation concerning her absence, Ms. Lancaster advised the Plaintiff that her employment was terminated with the Defendant. Ms. Lancaster told the Plaintiff: "You did that on purpose. You should have crawled to work if you had to.

20. The Defendant's placement of the Plaintiff on "probation" and the Defendant's termination of the Plaintiff's employment was the interference with, restraining of, and denial of the Plaintiff's right to exercise her rights under the FMLA.

21. By reason of the Defendant's conduct, the Plaintiff was caused to suffer from severe emotional distress, including exacerbation of her severe clinical depression.

Case 2:12-cv-00141-DRH-ARL   Document 13   Filed 08/05/12   Page 5 of 6 PageID #: 42

## AS AND FOR A FIRST CAUSE OF ACTION

22. By reason of the foregoing, the Defendant is liable to the Plaintiff for violations of the FMLA by terminating the Plaintiff's employment.

## AS AND FOR A SECOND CAUSE OF ACTION

23. At all relevant times herein, the Plaintiff suffered from clinical depression, a "disability," as that term is defined under the ADA.

24. Plaintiff, at all relevant times, was performed the duties of her employment with the Defendant in a fully satisfactory manner, and was fully capable of performing the duties of her job with the Defendant.

25. Plaintiff has been unable, despite reasonable efforts, to find comparable employment.

26. As a proximate result of the foregoing, Plaintiff has been denied employment, has lost wages, benefits, promotional opportunities, and bonuses, and has incurred damages thereby.

27. By reason of the foregoing, the Defendant caused the Plaintiff to suffer from severe emotional distress.

28. The Defendant, by the conduct described herein, intentionally, willfully, and without justification, did deprive the Plaintiff of his rights, privileges and immunities secured to him by the laws of the United States, and particularly his right to be free from discrimination based upon disability, and his rights as provided under the ADA.

## AS AND FOR A THIRD CAUSE OF ACTION

29. Plaintiff is under a "disability" as defined under section 296 of the New York Human Rights Law.

30. By reason of the foregoing, the Defendant terminated the Plaintiff's employment in violation of section 296 of the New York Human Rights Law and is liable to the Plaintiff therefor.

WHEREFORE, the Plaintiff demands judgment against the Defendant directing the Defendant to reinstate her to employment, together with backpay, restoration of benefits, monetary damages for emotional distress, punitive damages, and other damages suffered by the Plaintiff, together with costs, attorneys' fees, and interest.

TRIAL BY JURY IS HEREBY DEMANDED

Dated: Smithtown, New York
July 29, 2012

Paul L. Dashefsky (PD-3693)
Attorney for Plaintiff
317 Middle Country Road
Smithtown, New York 11787
(631) 361-7981
